UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:19-CV-80834-DMM

JOUREY NEWELL, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.

CREDITGUARD OF AMERICA, INC.,
a Florida corporation,

    Defendant.
_____/

**DEFENDANT CREDITGUARD OF AMERICA, INC.'S
MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant CreditGuard of America, Inc. ("CGA"), by counsel and pursuant to Rule 12(b)(3), Fed. R. Civ. P., moves to dismiss Plaintiff Jourey Newell's ("Plaintiff") Amended Class Action Complaint and Demand for Jury Trial ("Amended Complaint"; ECF No. 11) in its entirety. Venue is improper in this Court because Plaintiff is bound by a mandatory forum/venue selection clause requiring that any claims brought against CGA be adjudicated exclusively in Pennsylvania. In support of this Motion, CGA states as follows:

**INTRODUCTION**

Plaintiff's Amended Complaint asserts a single cause of action for an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"). Amendments ostensibly intended to address deficiencies in the original complaint (ECF No. 1), which CGA identified in its motion to dismiss (ECF No. 10), ultimately fail to remedy the fatal flaws of Plaintiff's claims. Just as he did with the original complaint, Plaintiff filed the Amended

1

Complaint in breach of an unambiguous mandatory forum selection clause contained in the March 18, 2019 Settlement Agreement and Release ("Settlement Agreement") between Plaintiff and CGA, mandating that the exclusive forum for "any future dispute between them" is in the State of Pennsylvania.

Accordingly, CGA seeks the entry of an Order dismissing the Amended Complaint in its entirety for improper venue.

## FACTUAL BACKGROUND

On March 18, 2019, CGA and Plaintiff entered into the Settlement Agreement, pursuant to which they resolved certain disputes between them. A true and accurate copy of the Settlement Agreement is attached hereto. *See* Declaration of Shon Lees, the Chief Financial Officer of CGA, dated July 25, 2019 ("Lees Decl.") ¶ 5, Ex. 2, attached hereto as **Exhibit A**.[1] As part of the consideration for entry into the Settlement Agreement, the Parties agreed, in no uncertain terms, that the exclusive forum for "any future dispute between" them is courts in the State of Pennsylvania. *See* Settlement Agreement, ¶ 6. Specifically, the forum/venue selection clause provides, in relevant part:

> [t]he parties consent to the jurisdiction of the courts in the State of Pennsylvania and agree that venue in *any future dispute between them* shall be proper in this forum *only*.

*Id.* (emphasis added).

---

[1] The Court may properly consider the Lees Declaration and the documents attached thereto (including the Settlement Agreement) in adjudicating this Motion to Dismiss. "In consideration of a motion to dismiss for improper venue, the court may consider matters outside the pleadings such as affidavit testimony . . ." *See Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318 at 1321 (S.D. Fla. 2010) (Cooke, J.); *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004) (Altonaga, J.) (quoting *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1320 (S.D. Fla. 2000) (Gold, J.)).

The parties' use of the word "only" renders the forum-selection clause mandatory, rather than permissive. Plaintiff's filing of the suit in Florida directly contravenes the parties' agreement that the "only" proper venue for future disputes is Pennsylvania. Accordingly, the Complaint must be dismissed for improper venue in accordance with Rule 12(b)(3), Fed. R. Civ. P.

## LEGAL STANDARD

"[M]otions to dismiss upon the basis of choice-of-forum . . . clauses are properly brought pursuant to Federal Rule of Civil Procedure 12(b)(3) as motions to dismiss for improper venue." *Lipcon v. Underwriters at Lloyd's*, 148 F.3d 1285, 1290 (11th Cir. 1998). It is Plaintiff's burden to show that venue is proper in a given forum. *See Poschmann v. Ponte Verda Corp.*, No. 18-14321-CV, 2018 WL 7890201 at *2 (S.D. Fla. Dec. 27, 2018) (Middlebrooks, J.); *Crenshaw v. Specialized Loan Servicing, LLC*, 2016 WL 4440511 at *1 (S.D. Fla. Aug. 23, 2016) (Bloom, B.) (collecting cases).

## ARGUMENT

**The Settlement Agreement's Forum Selection Clause**
**Expressly Demonstrates that Venue is Improper in this District**

Approximately three months prior to initiating this lawsuit, Plaintiff entered into the Settlement Agreement with CGA resolving certain claims it had or might have had against CGA. *See Lees Decl.* ¶ 5, Exhibit 2. The Settlement Agreement was negotiated at arm's length between the Parties, and the forum selection clause was a material term thereto. *Id*.

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not necessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain.

*Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas,* 134 S. Ct. 568, 583 (2013).

Indeed, in executing the Settlement Agreement, Plaintiff agreed that the document was "carefully read" and that the "contents [were] known and understood." *See* Settlement Agreement, ¶ 5. Each party acknowledged that they either "received, or have had the opportunity to obtain if they so choose, independent legal advice from the attorneys of their choice with respect to the preparation, review, and advisability of executing the Settlement Agreement." *Id*. Plaintiff further agreed that he executed the Settlement Agreement "after independent investigation and without fraud, duress, or undue influence." *Id.*

It therefore cannot be disputed that the parties (1) agreed that the proper venue for "any future dispute between them" is the courts in the State of Pennsylvania, and (2) acknowledged that they understood that obligation.

Courts in "this Circuit appl[y] the test established in *M/S Breman v. Zapata Off-Shore Co.* 407 U.S. 1 (1972) when reviewing a forum-selection clause." *Kostelac v. Allianz Global Corporate & Specialty AG*, 517 Fed. Appx. 670, 675 (11th Cir. 2013). A forum-selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Id*. Forum selection clauses have been found unreasonable where (1) the clause's formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of [his] day in court because of the inconvenience or unfairness of the chosen forum; (3) the clause is fundamentally unfair such that the law would deprive the plaintiff of a remedy; or (4) enforcement of the provisions would contravene a strong public policy. *Lipcon*, 148 F.3d at 1292. None of these exceptions apply here.

First, there is no credible argument to support a claim that the forum-selection clause's formation was induced by fraud or overreaching, as Plaintiff expressly acknowledged the *lack* of fraud, duress, or undue influence in executing the Settlement Agreement. *See* Settlement Agreement, ¶ 5.

Second, Plaintiff has the ability to assert these same claims in the proper forum, Pennsylvania, and thus, the mandatory forum selection clause would not deprive him of his day in court. Also, Plaintiff is a resident of Pennsylvania (*see* Amended Complaint, ECF No. 11, at ¶ 4). Thus, Pennsylvania is not an inconvenient or unfair forum.

Third, to the extent that any public policy considerations are implicated here, they lead to the conclusion that the forum selection clause should be enforced, not the other way around, as there is a strong public policy *in favor* of the presumptive validity and enforceability of mandatory forum selection clauses. *See Slater v. Energy Servs. Group Int'l*, 634 F.3d 1331 (11th Cir. 2011); *Krenkel v. Kerzner Int'l Hotels, Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (Forum selection clauses are "presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances").

Finally, as the Court is well aware, forum selection clauses are either permissive or mandatory. A mandatory clause (like here) dictates an *exclusive* forum for litigation. *See Global Satellite Commun. Co. v. Starmill U.K. LTD*, 378 F.3d 1269, 1272 (11th Cir. 2004) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999)). Permissive clauses merely authorize jurisdiction in a designated forum but do not prohibit litigation elsewhere. Here, the forum-selection clause states that future disputes between the parties may "only" be brought in Pennsylvania, leaving no doubt that it is mandatory in nature, and that this dispute is covered by the clause.

The clause provides for a single designated forum using the requisite language of exclusivity. *See* Settlement Agreement, ¶ 6 ("[t]he parties consent to the jurisdiction of the courts in the State of Pennsylvania and *agree that venue in any future dispute between them shall be proper in this forum only.*" (emphasis added). *See Pelican Ventures LLC v. Azimut S.p.A.*, No. 03-cv-62119, 2004 WL 3142550 at *3 (S.D. Fla. July 28, 2004) (Klein, M.J.) ("The black letter rule is that for a forum selection clause to be mandatory, it must be clear, unequivocal, and contain language of exclusivity."). The clause here leaves no room for uncertainty as to whether there are other permitted fora. Also, the clause applies to "*any* future dispute." *See* Settlement Agreement, ¶ 6 (emphasis added). This unequivocally demonstrates that this dispute falls within its scope.

Accordingly, this action is due to be dismissed pursuant to Rule 12(b)(3). *See Poschmann*, 2018 WL 7890201 at *2 (Middlebrooks, J.) (dismissing case for improper venue); *M Tobacos, Inc. v. Case*, No. 14-CV-81481, 2015 WL 11438107 at *4 (S.D. Fla. Apr. 17, 2015) (Middlebrooks, J.) (dismissing case for improper venue); *Green Island Holdings, LLC v. British American Isle of Venice (BVI) Ltd.*, No. 09-80207-CIV, 2009 WL 1730954 (S.D. Fla. June 18, 2009) (Marra, J.) (dismissing case for improper venue pursuant to Rule 12(b)(3)); *Uribe v. Tuscany Preserve Development, Inc.*, No. 08-cv-2283, 2009 WL 111667 (M.D. Fla. Jan. 15, 2009) (same).

## CONCLUSION

For the foregoing reasons, CGA respectfully requests that the Court enter an Order granting the instant motion and dismissing the Amended Complaint, and awarding CGA any further or additional relief that the Court deems just and proper.

Respectfully submitted,

AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401

        Telephone: (561) 653-5000
        Facsimile:  (561) 659-6313

By: */s/ Jeffrey B. Pertnoy*
    Erin M. Maddocks, Esq.
    Florida Bar No. 052350
    erin.maddocks@akerman.com
    Jeffrey B. Pertnoy, Esq.
    Florida Bar No. 91939
    jeffrey.pertnoy@akerman.com