UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:19-CV-80834-DMM

JOUREY NEWELL, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.

CREDITGUARD OF AMERICA, INC.,
a Florida corporation,

    Defendant.
_____/

**DEFENDANT CREDITGUARD OF AMERICA, INC.S' MOTION
TO STAY INITIAL DISCLOSURES, DISCOVERY AND SCHEDULING
ORDER DEADLINES PENDING RULING ON DISPOSITIVE MOTION TO
DISMISS (BASED ON MANDATORY FORUM SELECTION CLAUSE)**

Defendant CreditGuard of America, Inc. ("CGA" or "Defendant"), by counsel and pursuant to Rules 16(b) and 26(c), Fed. R. Civ. P., moves for a stay of all initial disclosure obligations, discovery and scheduling order deadlines pending the Court's ruling on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"; ECF No. 14) because the threshold legal issues raised in the Motion are dispositive of this entire case and should be resolved prior to discovery or other significant proceedings. Therefore, as more fully articulated below, good cause exists for the Court to exercise its inherent authority to control its docket and grant this request.

In support of this motion, CGA states as follows:

**INTRODUCTION**

Plaintiff Jourey Newell's Amended Complaint ("Amended Complaint"; ECF No. 11) asserts a single cause of action for an alleged violation of the Telephone Consumer Protection Act,

47 U.S.C. § 227, *et seq.*, ("TCPA").  As set forth more fully in the Motion, the Amended Complaint should be dismissed because Plaintiff executed a Settlement Agreement and Release ("Settlement Agreement") on March 18, 2019, mandating that the exclusive forum for "any future dispute between" he and CGA is in the State of Pennsylvania.  It is therefore clear that this Court is not the proper venue for this proceeding.  CGA's Motion seeks the entry of an Order dismissing the Complaint for improper venue.  If the Court grants the Motion, which it should, this Court would have nothing left to do, as the Motion would dispose of Plaintiff's case *in this Court* in its entirety.

Accordingly, the nature of the arguments raised in the Motion together with precedent from the Eleventh Circuit, this District, and other courts all support the requested stay while the Court adjudicates the Motion. Therefore, Defendant respectfully requests that the Court stay all initial disclosure obligations, discovery and scheduling order deadlines until it has ruled on the Motion.

## ARGUMENT

**I.　THE COURT HAS THE AUTHORITY AND DISCRETION TO GRANT A STAY WHILE THE MOTION IS PENDING**

District courts enjoy broad discretion to limit discovery, especially where such discovery would cause "undue burden or expense."  *See* Rule 26(c)(1), Fed. R. Civ. P.  This discretion extends to a court's ability to temporarily stay a case, deadlines or discovery pending a ruling on a dispositive motion. *Mulvaney v. the Geo Grp., Inc.*, 2017 U.S. Dist. LEXIS 38133, 38134 (S.D. Fla. 2017) (J. Middlebrooks) ("The Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), the Eleventh Circuit held that a district court's discretion <u>should</u> be exercised to ensure that a motion to dismiss based upon the legal sufficiency of a claim is resolved <u>before</u> discovery begins because:

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of the disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

123 F.3d at 1368; *see also Hilliard v. Black*, 125 F. Supp. 2d 1071, 1084 (N.D. Fla. 2000) (citing *Medhekar v. United States*, 99 F.3d 325, 328 (9th Cir. 1996), for the proposition that initial disclosures are considered part of discovery for purposes of a stay).

Since *Chudasama*, this principle has repeatedly been affirmed by the Eleventh Circuit. *See, e.g.*, *James v. Hunt*, No. 17-14866, 2018 WL 6720766, at *3 (11th Cir. Dec. 20, 2018) (holding that the district court's "decision to stay the proceedings and filings furthered the goals of controlling the case and saving the time and effort of the court, counsel, and the parties …"); *Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864 (11th Cir. 2018) (affirming stay where the complaint revealed issues including potential lack of subject matter jurisdiction); *Dragash v. Fed. Nat'l Mortgage Ass'n*, 700 F. App'x 939, 947 (11th Cir. 2017) (affirming stay of discovery "[b]ecause the defendants' motion to dismiss was a matter that could, and did, resolve all the issues pending before the magistrate judge" and so "it was not unreasonable to stay discovery and postpone mediation pending a ruling on the viability of his claims"); *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) ("Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of [the district court's] responsibility ["to manage pretrial discovery properly"].") (internal quotation omitted); *Cheshire v. Bank of*

*America, NA*, No. 09-10099, 2009 WL 3497732, at *1 (11th Cir. Oct. 30, 2009) ("[A] plaintiff has no right to discovery upon the filing of a motion to dismiss that raises a purely legal question.... Defendants' motions to dismiss raised only legal questions and, therefore, [plaintiff] had no right to discovery.") (citation omitted); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (district court did not err in suspending discovery because "there was no need for discovery before the district court ruled on [dispositive] motions").

Multiple judges in this Court and elsewhere have followed the reasoning in *Chudasama* and stayed initial disclosures and/or discovery in circumstances similar to this case. *See*, *e.g.*, *Torongo v. Robert G. Roy, D.V.M., M.S., P.A.*, No. 15-cv-81490-DMM, 2016 WL 10706286, at *1 (S.D. Fla. Jan. 28, 2016) (Middlebrooks, J.) (citing *Chudasama* and staying initial disclosures and discovery in FACTA action); *Latell v. Triano*, No. 2:13-cv-565-FtM-29CM, 2014 WL 5822663, at *2 (M.D. Fla. Feb. 28, 2014) (staying discovery pending resolution of motion to dismiss); *Gill-Samuel v. Nova Biomedical Corp.*, No. 13-62591-CIV, 2014 WL 11762719, at *1 (S.D. Fla. Feb. 18, 2014) (Rosenbaum, J.) (staying discovery because "[t]he Court's ruling on whether to strike Plaintiff's class-action allegations or dismiss the Complaint in its entirety can have significant ramifications on the scope of any factual discovery between the parties"); *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1224 (S.D. Fla. 2013) (Middlebrooks, J.) (noting that discovery had been stayed pending resolution of dispositive motions to dismiss); *Solar Star Sys., LLC v. BellSouth Telecomms., Inc.*, No. 10–21105–CIV, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (Moreno, J.) (staying discovery because the pending motion to dismiss was "potentially dispositive of the entire action"); *Staup v. Wachovia Bank, N.A.*, No. 08-60359-CIV, 2008 WL 1771818, at *1 (S.D. Fla. 2008) (Cohn, J.) (staying all discovery, including initial disclosures, pending ruling on motion to dismiss that challenged the legal sufficiency of the

complaint on legal grounds for which no discovery was required); *Carcamo v. Miami-Dade Cnty.*, No. 03–20870–CIV, 2003 WL 24336368, at *1 (S.D. Fla. Aug. 1, 2003) (Ungaro-Benages, J.) (staying discovery pending ruling on motion to dismiss).

The considerations giving rise to the multiple decisions cited above apply here, especially because Plaintiff agreed to prosecute all of his claims solely in another forum, his home state of Pennsylvania (*see* Amended Complaint, ECF No. 11, at ¶ 4).

Granting the Motion would resolve this action in this Court in its entirety, obviating the need for any discovery or further proceedings before this Court. Therefore, consistent with *Chudasama* and its progeny, during the pendency of the Motion, CGA should not be required expend significant resources, including incurring substantial legal fees and costs, to file initial disclosures, engage in discovery, or comply with Court-ordered deadlines, when in all likelihood, this case will be dismissed. Thus, the initial disclosure and discovery obligations, and this Court's scheduling order deadlines, should be stayed pending a ruling on the Motion.

## II.     A STAY IS PARTICULARLY SUITABLE HERE

### A.     Good Cause Exists to Stay Discovery

Although Defendant is mindful that *Chudasama*'s principles do not apply in every case with a pending dispositive motion, good cause exists here because the motion may – and should – dispose of the entire case by sending Plaintiff's claims to a different forum – Pennsylvania Courts. *See*, *e.g.*, *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-cv-22691, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014) (Williams, J.) ("a short stay of discovery is appropriate because the motion raises threshold legal issues that may dispose of Plaintiff's claim in its entirety"). To stay discovery due to a pending dispositive motion, "good cause and reasonableness" must exist. *Id.* The Court "must balance the harm produced by a delay in discovery against the possibility that the

motion will be granted and entirely eliminate the need for such discovery." *Rivero v. Taylor*, No. 09-20852-CIV, 2010 WL 3384913, at *6 (S.D. Fla. Aug. 3, 2010) (McAliley, M.J.) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)), *report and recommendation adopted*, 2010 WL 3384907 (S.D. Fla. Aug. 24, 2010) (Gold, J.), *aff'd*, 465 F. App'x 839 (11th Cir. 2012).

The determination requires "the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53 (citations omitted). A "preliminary peek" at the enumerated and well-reasoned grounds supporting the Motion here demonstrates that the Motion is meritorious and entirely case dispositive in this Court, making this case a prime candidate for the Court to exercise its broad discretion to temporarily stay discovery, initial disclosure obligations and Court-ordered scheduling order deadlines.

A stay of discovery is especially suitable in cases like this one, where a pending motion raises threshold legal issues such as jurisdiction, venue, and arbitration.  Indeed, the venue issue raised here is one of several "threshold legal issues that are case-dispositive" and "[i]t is appropriate to stay discovery pending resolution of a motion to dismiss where such an issue is raised." *Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (Moreno, J.) (temporarily staying discovery and finding good cause "[d]ue to the nature of the motions to dismiss" which raised the threshold and dispositive issue improper forum); *see also Dayem v. Chavez*, No. 13-62405-CIV, 2014 WL 12588513, at *1 (S.D. Fla. Mar. 11, 2014) (Cooke, J.) (finding a "stay of discovery … warranted" after having "peeked at the several motions to dismiss" which raised, *inter alia*, "lack of subject matter jurisdiction, lack of standing, failure to state a claim upon which relief can be granted, [and] improper venue").

As explained in the Motion, this Court is not the proper forum for Plaintiff's claims because Plaintiff is required to bring his claims in Pennsylvania Courts.

### B. Defendant CGA Would Be Unduly Prejudiced Without a Stay

The Eleventh Circuit has "repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." *Perez v. Miami–Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) (internal quotations and citations omitted). "While a potentially dispositive motion is pending, … Defendant[ ] should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law." *Chevaldina v. Katz*, No. 17-22225-CIV, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017) (Torres, M.J.).

Discovery during the pendency of the Motion is not only contrary to Defendant's contractual right to have this dispute litigated in the Courts of Pennsylvania, but it is likely to result in waste and undue prejudice as explained in the preceding section. As just one of many examples, permitting Plaintiff to proceed with extensive merits and class discovery pending a ruling on the Motion would cause Defendant to expend time and resources to respond to discovery that may well be all for naught. In that same vein, the Court will likely be burdened with adjudicating discovery related issues that it may ultimately find it has no jurisdiction to hear.

Plaintiff, however, will not be unduly prejudiced by a stay. Plaintiff is free to bring his claims in Pennsylvania, as he agreed to do when he executed the Settlement Agreement. Thus, on balance, the requested stay will save tremendous time and expense to the benefit of the parties and the Court with little, if any, risk of negative repercussions. *See*, *e.g.*, *Chudasama*, 123 F.3d at 1368 ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and the court system can be avoided.").

Therefore, the prejudice to Defendant of denying this motion strongly exceeds any theoretical prejudice to Plaintiff, further warranting the grant of this motion.

### C. The Court Should Also Stay/Modify the Deadlines in the Scheduling Order

In addition to its request that this Court stay the discovery and initial disclosure deadlines, CGA also requests that the Court modify all deadlines within the Court's Scheduling Order (ECF No. 13), as permitted by Rule 16(b), Fed. R. Civ. P. (providing that scheduling orders may be modified upon a showing of good cause). For the reasons set forth above, the Court should modify, stay or extend the deadlines set forth in the Scheduling Order to give the Court time to rule on the pending dispositive Motion, while giving the Parties relief from the burden and expense of complying with the deadlines in the Scheduling Order. *See American Registry, LLC v. Hanaw*, No. 2:13-cv-352-FtM-29CM, 2014 WL 1478788, at *1 (M.D. Fla. April 15, 2014) (modifying and extending the deadlines in a scheduling order due to a pending motion to dismiss).

### CONCLUSION

The case-dispositive issues pending before the Court warrant a stay of all initial disclosure obligations, discovery and scheduling order deadlines pending the Court's ruling on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. While a stay will not prejudice Plaintiff, Defendant will be prejudiced absent a stay, including having to respond to or participate in discovery that may be entirely unnecessary and also contrary to Plaintiff's contractual agreement to have any dispute between the Parties heard exclusively in the Courts of Pennsylvania.

**WHEREFORE**, for the foregoing reasons, Defendant CGA respectfully requests that the Court enter an Order granting the instant motion, staying all initial disclosure obligations, discovery and scheduling order deadlines pending a ruling by this Court on the Motion, and awarding CGA any further or additional relief that the Court deems just and proper.

## **LOCAL RULE 7.1(A)(3) CERTIFICATE OF GOOD FAITH CONFERENCE**

I hereby certify that Jeffrey B. Pertnoy, Esq., counsel for Defendant, conferred with Avi Kaufman, Esq., counsel for Plaintiff, via telephone with respect to the issues raised in this Motion on August 12, 2019. Plaintiff's counsel opposes the relief requested.

Respectfully submitted,

AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

By: */s/ Jeffrey B. Pertnoy*
Erin M. Maddocks, Esq.
Florida Bar No. 052350
erin.maddocks@akerman.com
Jeffrey B. Pertnoy, Esq.
Florida Bar No. 91939
jeffrey.pertnoy@akerman.com